UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 16-20862-CIV-MORENO

NAPA OVERSEAS, S.A.,

    Plaintiff,

vs.

NEXTRAN CORPORATION,

    Defendant.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART
MOTION TO STRIKE DEMAND FOR JURY TRIAL**

THIS CAUSE came before the Court upon Defendant's Motion to Strike Demand for Jury Trial **(D.E. 15)**, filed on **June 8, 2016**.

THE COURT has considered the motion, the response in opposition, the reply, the pertinent portions of the record, and is fully advised in the premises. It is

**ORDERED AND ADJUDGED** that the motion is **GRANTED** as to Counts 1 and 6, but **DENIED** as to Counts 2, 3, 4, 5, 7, 8 and 9.

## I. BACKGROUND

On or about June 5, 2012, Plaintiff Napa Overseas S.A. executed a supplier agreement with Defendant Nextran Corporation whereby Nextran agreed to design and supply one-hundred specifically designed trucks. The Nextran-designed trucks were to be delivered to non-party La Corporación de Abastecimiento y Servicios Argicolas, La CASA, S.A. ("CASA") pursuant to the terms of the supplier agreement. The terms and conditions of the supplier agreement contained a jury-waiver provision which states as follows:

> <u>Governing Law; Consent to Jurisdiction; Waiver of Right to Trial by Jury</u>. This Sales Agreement and the rights and obligations of the parties hereunder shall be governed, by and interpreted in accordance with, the laws of the State of Florida, without giving effect to the conflict of laws principles thereof. Venue for any litigation, legal action or other proceedings arising out of or relating to this Sales Agreement shall lie solely in the courts of the State of Florida located in Dade County, Florida. Purchaser and Dealer (a) agree that such courts shall have exclusive jurisdiction over any matters arising out of or related to this Sales Agreement and (b) hereby waive any and all claims to the effect that any such courts constitutes the inconvenient forum. THE PARTIES HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVE ANY RIGHT THEY MAY HAVE TO A TRIAL BY JURY IN ANY SUIT, ACTION, PROCEEDING, OR COUNTERCLAIM ARISING OUT OF OR RELATING TO THIS SALES AGREEMENT.

D.E. 4 at 3; D.E. 16 at 3.

On March 9, 2016, Napa filed the instant Complaint, which demands a trial by jury and alleges the following nine counts: breach of contract (Count 1), promissory estoppel (Count 2), tortious interference with an existing contractual relationship (Count 3), tortious interference with prospective contractual relations (Count 4), tortious interference with existing business relations (Count 5), unjust enrichment (Count 6), fraudulent misrepresentation or concealment (Count 7), negligent misrepresentation (Count 8), and breach of Florida's Deceptive and Unfair Trade Practices Act (Count 9). Nextran filed the instant motion to strike Napa's demand for trial by jury on the grounds that Napa waived its right pursuant to the supplier agreement.

## II. LEGAL STANDARD

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Accordingly, a court may act *sua sponte* or on a party's motion *Id*. However, motions to strike are considered a "drastic remedy," and generally viewed with disfavor. *Gill-Samuel v. Nova Biomedical Corp.*, 298 F.R.D. 693, 699 (S.D. Fla. 2014); *Garcia v. Clarins USA, Inc.*, No. 14-CV-21249-

HUCK/OTAZO-REYES, 2014 U.S. Dist. LEXIS 182426, at *10–11 (S.D. Fla. Sep. 4, 2014); *In re Sunbeam Sec. Litig.*, 89 F. Supp. 2d 1326, 1340 (S.D. Fla. 1999). The Seventh Amendment to the United States Constitution preserves the right to a jury trial "in suits at common law, where the value in controversy shall exceed twenty dollars." U.S. Const. amend. VII. Accordingly, the right to a jury trial "shall be preserved . . . inviolate," and a court's discretion "is very narrowly limited and must, wherever possible, be exercised to preserve jury trial." *Borgh v. Gentry*, 953 F.2d 1309, 1311 (11th Cir. 1992); (citing *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510 (1959)). Yet, the right to a jury trial may be waived "so long as the waiver is knowing and voluntary." *Bakrac, Inc. v. Villager Franchise Sys.*, 164 F. App'x 820, 823 (11th Cir. 2006). To determine whether a jury trial waiver provision was entered into knowingly and voluntarily, courts consider several factors including (1) the conspicuousness of the waiver provision, (2) the relative bargaining power of the parties, (3) the sophistication of the challenging party, and (4) negotiability of the contract terms. *Id.*

### III. LEGAL ANALYSIS

As a threshold matter, the Court notes that neither party contests the validity of the supplier agreement or the jury-trial waiver provision. The Court further notes the jury-trial waiver provision is conspicuously identified within the contract, and the bargaining power, negotiability of the contract terms, and sophistication amongst the parties is relatively balanced. *Bakrac*, 164 F. App'x at 823. As such, the Court finds that the parties agreed to the jury-trial waiver provision knowingly and voluntarily. Thus, the jury-trial waiver provision is valid and enforceable. *Id.*

Nextran moves the Court to strike Napa's demand for jury trial based on the plain language of the supplier agreement jury-waiver provision. In response, Napa concedes that

"Count I of the Complaint seeks damages against Nextran for breach of that Agreement," but argues that Napa "is entitled to a jury trial for the remaining eight counts." D.E. 20 at 1. In reply, Nextran asserts that "the bold conspicuous waiver of jury trial contained in the Supplier Agreement should be construed expansively to cover *all* claims set forth in the Plaintiff's Complaint." D.E. 23 at 1 (emphasis added).

In the Eleventh Circuit, courts look to the language of a clause to determine whether a particular claim falls within the scope of that clause. *Bah. Sales Assoc., LLC v Byers*, 701 F.3d 1335, 1340–41 (11th Cir. 2012). Here, Napa asserts that its remaining eight claims are outside the scope of the supplier agreement and therefore not subject to the jury-waiver provision. D.E. 20 at 3. The supplier agreement jury-waiver clause states, "the parties hereby irrevocably and unconditionally waive any right they may have to a trial by jury in any suit, action, proceeding, or counterclaim arising out of or relating to this sales agreement." D.E. 4 at 3; D.E. 16 at 3. Given the language of the clause, the Court must next determine whether any of Napa's contested claims "arise out of or relat[e]" to the supplier agreement.

"A claim 'relates to' a contract when 'the dispute occurs as a fairly direct result of the performance of contractual duties.'" *Byers*, 701 F.3d at 1341 (quoting *Telecom Italia, SPA v. Wholesale Telecom Corp.*, 248 F.3d 1109, 1116 (11th Cir. 2001)). The Court addresses Napa's claims in turn.

In Count 1, Napa alleges Nextran breached the supplier agreement. Napa concedes that Count 1 falls within the scope of the agreement and its jury-waiver provision. The Court agrees. *Byers*, 701 F.3d at 1341 (citing *Wholesale Telecom Corp.*, 248 F.3d at 1116). Thus, the Court grants Nextran's motion to strike Napa's demand for jury trial as to the breach of contract claim to the Complaint.

In Count 2, Napa proffers that promissory estoppel is warranted due to Nextran's conduct prior to the parties' execution of the supplier agreement. Specifically, Napa alleges that it relied on Nextran's initial bid price to secure a purchase agreement with CASA, which Napa was later forced to reduce due to Nextran's alleged conduct. D.E. 1 ¶¶ 43–45. The Court finds that Count 2 is not related to the supplier agreement, and thus not subject to the jury-waiver provision, because the promissory estoppel claim is based on actions that occurred prior to the instant supplier agreement. As such, the basis of Napa's claim is not "a fairly direct result of the performance of contractual duties." *Byers*, 701 F.3d at 1341 (citing *Wholesale Telecom Corp.*, 248 F.3d at 1116). Therefore, the Court denies Nextran's motion to strike Napa's promissory estoppel claim.

In Count 3, Napa alleges that prior to the execution of the supplier agreement with Nextran, Nextran tortiously interfered with Napa's existing purchase agreement with CASA. Specifically, Napa alleges that Nextran knew about Napa's existing purchase agreement with CASA, yet intentionally acted in a way to render Napa's performance of the purchase agreement impossible, which ultimately resulted in CASA rescinding its purchase agreement with Napa. D.E. 1 ¶¶ 46–49. The Court finds that Count 3 is not related to the supplier agreement, and thus not subject to the jury-waiver provision, because the tortious interference with an existing contractual relationship claim is based on actions that occurred prior to the instant supplier agreement. As such, the basis of Napa's claim is not "a fairly direct result of the performance of contractual duties." *Byers*, 701 F.3d at 1341 (citing *Wholesale Telecom Corp.*, 248 F.3d at 1116). Therefore, the Court denies Nextran's motion to strike Napa's tortious interference with an existing contractual relationship claim.

In Count 4, Napa alleges that prior to the execution of the supplier agreement with Nextran, Nextran tortiously interfered with Napa's prospective contractual relations with CASA. Specifically, Napa alleges that Nextran knew Napa relied on Nextran's initial bid to secure a contract from CASA, and so had reason to believe that Napa and CASA would enter into a contractual relationship based on the awarded contract. D.E. 1 at ¶ 51. Napa further alleges that Nextran prevented Napa and CASA's contractual relationship from developing by intentionally submitting an unsolicited bid to CASA after learning of Napa's contract award, which was substantially lower than the bid Nextran submitted to Napa. D.E. 1 at ¶¶ 52–54. Like Counts 2 and 3 *supra*, Count 4 is based on actions that allegedly occurred prior to the execution of the supplier agreement. As such, the Court finds that Count 4 is not related to the supplier agreement, and thus not subject to the jury-waiver provision. In this Count, the Court finds that the basis of Napa's claim is not "a fairly direct result of the performance of contractual duties." *Byers*, 701 F.3d at 1341 (citing *Wholesale Telecom Corp.*, 248 F.3d at 1116). Therefore, the Court denies Nextran's motion to strike Napa's tortious interference with prospective contractual relations claim.

In Count 5, Napa alleges that prior to the execution of the supplier agreement, Nextran tortiously interfered with Napa's existing business relations by, among other things, "wrongfully and intentionally disrupt[ing] Napa's business relationship with CASA by submitting its Unsolicited Offer to CASA." D.E. 1 ¶¶ 55-58. For the reasons stated for Counts 2–4, *supra*, the Court finds that the basis of Napa's claim is not "a fairly direct result of the performance of contractual duties." *Byers*, 701 F.3d at 1341 (citing *Wholesale Telecom Corp.*, 248 F.3d at 1116). According, the Court denies Nextran's motion to strike Napa's tortious interference with existing business relations claim.

In Count 6, Napa alleges that Nextran was unjustly enriched after it breached the supplier agreement. Specifically, Napa alleges that it paid Nextran a requisite $500,000 refundable deposit pursuant to the supplier agreement and that it would be inequitable for Nextran to retain the deposit because Nextran failed to deliver the trucks as the parties had bargained. D.E. 1 ¶¶ 59-60. Here, Napa's unjust enrichment claim relates to the supplier agreement. As discussed, *supra*, Napa knowingly and voluntarily waived the right to jury trial upon executing the agreement. Napa acknowledges that relief is sought under this count based on Nextran's alleged violation of its obligation under the terms of the supplier agreement. Thus, the dispute giving rise to Napa's claim exists because of its direct relationship and relationship with the supplier agreement. Accordingly, the Court finds that the basis of this claim is well within the scope contemplated by the jury-trial waiver provision—an unjust enrichment claim based on an alleged breach of contract. *Byers*, 701 F.3d at 1341 (citing *Wholesale Telecom Corp.*, 248 F.3d at 1116). Thus, the Court grants Nextran's motion to strike Napa's demand for jury trial as to the unjust enrichment claim to the Complaint.

In counts 7, 8, and 9, Napa alleges fraudulent misrepresentation and concealment, negligent misrepresentation, and breach of Florida's Deceptive and Unfair Trade Practices Act, respectively. In each count, Napa alleges that Nextran's tortious conduct occurred prior to the execution of the supplier agreement. As discussed in Counts 2, 3, 5, and 5, *supra*, and for the reasons previously stated, the Court finds that the basis of Napa's claims are not "a fairly direct result of the performance of contractual duties." *Byers*, 701 F.3d at 1341 (citing *Wholesale Telecom Corp.*, 248 F.3d at 1116). Thus, the Court denies Nextran's motion to strike Napa's fraudulent misrepresentation and concealment, negligent misrepresentation, and breach of Florida's Deceptive and Unfair Trade Practices Act claims.

## IV.   CONCLUSION

For the reasons put forth in this Order, it is

**ORDERED AND ADJUDGED** that Defendant Nextran Corporation's Motion to Strike Plaintiff Napa Overseas, S.A.'s Demand for Jury Trial is **GRANTED** as to Counts 1 and 6, but **DENIED** as to Counts 2, 3, 4, 5, 7, 8, and 9.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 7th of November 2016.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Magistrate Judge John J. O'Sullivan

Counsel of Record